IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS MCLACHLAN,

        Petitioner,

v.                                                 Civil Action No. 3:07CV166
                                                    Criminal Action No. 3:05CR33

UNITED STATES OF AMERICA,         (JUDGE BAILEY)

        Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. INTRODUCTION**

On December 17, 2007, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] On the same day, petitioner filed a Memorandum in Support of his Motion Under 28 U.S.C. § 2255.[2] Petitioner later filed a Supplemental Memorandum of Law in Support of Petitioner's Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255, on February 5, 2008.[3] The Government was ordered to respond on May 27, 2008.[4] On June 23, 2008, the Government filed its Response.[5] Petitioner filed a Reply on July 9, 2008.[6]

**II. FACTS**

---

[1] Docket No. 116

[2] Docket No. 117

[3] Docket No. 120

[4] Docket No. 122

[5] Docket No. 123

[6] Docket No. 124

A.  **Conviction and Sentence**

Petitioner was named in a two count indictment filed on May 17, 2005 in the Northern District of West Virginia. Petitioner was charged in Count 1 as being a felon in possession of a firearm in violation of Title 18, United States Code, § 922(g)(1).

On July 21, 2005, the petitioner was found guilty by a jury on Count 1.

On February 21, 2006 and March 6, 2006, petitioner appeared for sentencing and was sentenced to 96 months of incarceration, 3 years supervised release, and a $1,100.00 fine. The Court entered its Judgment on March 9, 2006.

B.  **Appeal**

Petitioner filed a Notice of Appeal on March 10, 2006. The United States Court of Appeals for the Fourth Circuit affirmed petitioner's conviction and sentence on January 16, 2007, issuing its Mandate on February 21, 2007.

C.  **Federal Habeas Corpus**

Petitioner contends that his counsel rendered ineffective assistance because counsel erroneously advised petitioner about the potential sentencing exposure of going to trial.

The Government contends that counsel was not ineffective because erroneous advice regarding sentencing exposure, on its own, does not amount to ineffective assistance of counsel.

D.  **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner's claims are without merit.

### III. ANALYSIS

**A.     Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.     Procedural Default**

The Court finds petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in his present § 2255 motion. It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**C.     Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

1. **Claim 1: Whether Counsel Rendered Ineffective Assistance by Erroneously Advising Petitioner of the Potential Sentencing Exposure of Going to Trial.**

Petitioner alleges that his counsel advised him that if he were to accept the Government's plea agreement, petitioner would likely face between 30 to 37 months incarceration, whereas if petitioner went to trial, he would likely face 37 to 46 months incarceration, if convicted. Based upon those odds, petitioner maintains that he and his counsel believed that "going to trial was like having two bites at the apple" because there was not a significant difference in the sentencing guideline range. Petitioner maintains that had his counsel informed petitioner during plea negotiations that petitioner could have been sentenced to 96 months incarceration, petitioner would have pleaded guilty. For support, petitioner includes a letter from his counsel to the

4

Assistant United States Attorney, wherein petitioner's counsel sets forth these sentencing estimations. Ultimately, petitioner concludes that counsel's inaccurate estimates evidence an incompetent and deficient counsel, whose miscalculations prejudiced petitioner by subjecting him to a longer sentence.

The Court finds petitioner's argument unpersuasive. Several Circuits of the United States Court of Appeals have found that a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." Hughes v. United States, 2007 WL 841940 at *4 (W.D.N.C. 2007), citing United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993); Bethel v. United States, 458 F.3d 711, 717 (7th Cir. 2006), cert. denied, 127 S.Ct. 1027 (2007); United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995). Furthermore, it has been noted that:

> [T]he sentencing consequences of guilty pleas (or, for that matter guilty verdicts) are extraordinarily difficult to predict. Although the sentencing guidelines significantly restrict the sentencing discretion of the district courts, that discretion is still extensive, and predicting the exercise of that discretion is an uncertain art. Therefore, . . . a mistaken prediction is not enough in itself to show deficient performance, even when that mistake is great[.]

Hughes, 2007 WL 841940 at *5, quoting United States v. Barnes, 83 F.3d 934, 940 (7th Cir. 1996).

All petitioner has demonstrated is that his counsel gave an inaccurate prediction regarding potential sentence length. Petitioner has not alleged or established any other evidence required to make a cognizable claim for ineffective assistance of counsel. However, in petitioner's Reply, petitioner strongly urges this Court to examine a letter from his former counsel to the Assistant United States Attorney wherein counsel details the inaccurate sentencing prediction. Petitioner claims that this memorialized, inaccurate prediction settles the issue of

5

counsel's ineffectiveness because counsel's prediction "caused" him to receive a longer sentence.

Contrary to petitioner's belief, by including this letter, petitioner refutes the claim in his petition. In the paragraph before counsel's sentencing calculations, the letter states:

> Mr. McLachlin's [sic] position is that unless he can obtain some sort of *written* verification from Virginia that any probation/parole violation resulting in further incarceration in that State will run concurrently with any sentence of incarceration he may receive under a plea agreement with the United States, he would rather take his chances at trial.

(emphasis in original). Petitioner cannot argue that counsel and petitioner's decision to go to trial was "only" over limited federal sentencing exposure when this letter, read in its entirety, establishes that the true reason for proceeding to trial was an unresolved parole issue with the State of Virginia. Petitioner cannot piecemeal his argument by only selecting passages that seem favorable to him. The record must be read in its entirety. Petitioner invited a close reading of the letter by attaching it, and the letter includes language that does not comport with petitioner's theory. By including the entire letter, petitioner helped defeat his own claim, and in keeping with the consistent notation of the Fourth Circuit: "[a] defendant in a criminal case cannot complain of error which he himself has invited." United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994), citing Wilson v. Lindler, 8 F.3d 173, 175 (4th Cir. 1993) (en banc), cert. denied, 510 U.S. 1131(1994).

Finally, the disparity between counsel's sentencing estimates and the imposed sentence is a direct result of numerous relevant conduct factors elicited at trial. Counsel's sentencing estimations and the proposed plea agreement's suggested sentencing guideline range was a direct result of the relevant conduct stipulation of the plea agreement limiting petitioner's relevant

6

conduct to one Taurus, Model PT 585, .380 caliber pistol.  At trial witnesses testified that petitioner used the pistol to shoot a nightclub bouncer four times, that petitioner fled from police and informed police, after apprehension, that he was the sole perpetrator.  Petitioner, at trial, denied all of the aforementioned testimony and his involvement in the assault.  Thus, petitioner, alone, subjected himself to the possibility of enhanced sentencing.  Counsel could not have reasonably foreseen and calculated all of the relevant conduct enhancements that were founded on extensive and damaging trial testimony.

Relief should be denied because petitioner has not met his burden.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion be **DENIED** and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 17, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE