**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**THOMAS MCLACHLAN,**

    **Petitioner,**

v.                                          **Civil Action No.   3:07CV166
                                                 Crim. Action No.   3:05CR33
                                                 (BAILEY)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF JULY 17, 2008

**I.**    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert (Crim. Doc. 126) and the petitioner's corresponding objections (Crim. Doc. 128). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for

clear error. As a result, it is the opinion of this Court that the **Magistrate Judge's Report and Recommendation (Crim. Doc. 126; Civ. Doc. 7)** should be, and is, **ORDERED ADOPTED IN PART**, to the extent stated below.

II.     Factual and Procedural Background

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2255 are as follows. On May 17, 2007, petitioner was named in a one-count indictment charging him with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). In connection with this charge, the Court appointed attorney B. Craig Manford to serve as petitioner's representation. Thereafter, the petitioner was convicted by jury and received a 96-month term of incarceration to be followed by 3 years of supervised release. As a result, the petitioner unsuccessfully appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed petitioner's conviction and sentence on January 16, 2007.

On December 17, 2007, petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Crim. Doc. 116). In support, the petitioner contends that his counsel rendered ineffective assistance by erroneously advising him of the potential sentencing exposure of going to trial. More specifically, petitioner contends that his counsel informed him that the 30-37 month guideline range contemplated in the plea agreement would only increase to a range of 37-46 months if the petitioner was convicted at trial. Further, petitioner contends that had he known he could receive a sentence as high as 96 months at trial, he would have opted for

the plea agreement instead. In response, the Government contends that petitioner was not prejudiced by the misestimation because petitioner fails to allege any errors on the part of counsel at the trial.

Upon consideration, the Magistrate Judge recommended dismissal on the ground that counsel's misestimation of sentence exposure, without more, is insufficient to establish a claim for ineffective assistance of counsel as a matter of law. In addition, the Magistrate Judge found that the erroneous sentence exposure estimate was not a but-for cause in the petitioner's decision to go to trial, as the evidence indicates that the inability of the Government to guarantee the concurrent status of any sentence imposed with a state sentence stemming from parole violations controlled petitioner's decision to opt for trial. In response, the petitioner argues that substantial precedential support exists for the proposition that an erroneous estimate of sentence length can constitute a constitutionally deficient performance rising to the level of ineffective assistance of counsel.

III.   Legal Standards

In **Strickland v. Washington**, 466 U.S. 688 (1984), the United States Supreme Court announced the two-part test for evaluating claims of ineffective assistance of counsel. Under **Strickland**, the defendant must first show that his counsel's performance "fell well below an objective standard of reasonableness." *Id.* at 687-88. Provided that this showing is made, the Court must still find that the results of the proceeding would have been different but for counsel errors. *Id.* at 687.

More recently, the Supreme Court had occasion to address the availability of habeas

relief predicated on an ineffective assistance of counsel claim for an erroneous sentence estimate which allegedly resulted in a guilty plea. *See* **Hill v. Lockhart**, 474 U.S. 52, 54 (1985). In **Hill**, the Court first found "that the two-part **Strickland v. Washington** test applies to challenges to guilty pleas based on ineffective assistance of counsel." **Hill**, 474 U.S. at 58. However, the Court further indicated that in order for **Strickland's** prejudice prong to be satisfied in this context, "the defendant must show that he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58-59.

In implementing the **Hill** decision in the classic **Hill** context, where a defendant maintains ineffective assistance of counsel due to an erroneous sentence exposure estimate which allegedly induced him to plead guilty, the majority of courts including the United States Court of Appeals for the Fourth Circuit have found that, "'mis-advice respecting sentencing possibilities' could not be a 'but for' cause of a guilty plea where the plea is 'based on risk information given . . . by the sentencing court.'" **United States v. Foster**, 68 F.3d 86, 88 (4th Cir. 1995) (quoting **United States v. Craig**, 985 F.2d 175, 179-80 (4th Cir. 1993)). Therefore, as **Foster** makes clear, an inaccurate sentence estimate by counsel which allegedly results in a guilty plea, alone, is insufficient to constitute ineffective assistance of counsel because the subsequent Rule 11 colloquy serves to correct any misinformation by counsel. *See also* **United States v. Lambey**, 974 F.2d 1389, 1395 (4th Cir. 1992) (*en banc*) (noting that where "the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court

and the defendant.").

While the mandates of the *Hill* decision in the *Hill* context are clear enough, less certain is the availability of an ineffective assistance of counsel challenge, and the standard to be applied, where counsel's alleged error causes the defendant to choose trial where he otherwise would have accepted the Government's offer to plead guilty pursuant to a written plea agreement. At least one district court within the Fourth Circuit to address the issue has found that, a "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.'" **Hughes v. United States of America**, 2007 WL 841940 (W.D.N.C.) (quoting **United States v. Gordon**, 4 F.3d 1567, 1570 (10th Cir. 1993)). In addition to this approach, other courts have chosen to draw inference from *Hill* and have held that, "[i]f counsel is deficient in advising a client of the consequences of going to trial as opposed to accepting a plea offer and the client decides to go to trial, the client has an ineffective assistance of counsel claim if he can demonstrate that he would have pleaded guilty if he had been represented by competent counsel." See **United States v. Ramsey**, 323 F. Supp. 2d 27, 42 (D.D.C. 2004).

IV. Discussion

Turning to the case at bar, the Court finds it unnecessary to pass on the issue of whether an erroneous sentence exposure estimate, which allegedly induces a defendant to opt for trial rather than accepting the Government's offer to enter a guilty plea pursuant to a written plea agreement, may ever constitute a constitutionally deficient performance

rising to level of ineffective assistance of counsel, because the petitioner has failed to pass muster under less scrutinizing standard employed in *Ramsey*. To be sure, the letter from counsel submitted by petitioner evidences the position "that unless he can obtain some sort of written verification from Virginia that any probation/parole violation resulting in further incarceration in that State will run concurrently with any sentence of incarceration he may receive under a plea agreement with the United States, he would rather take his chances at trial." As such, petitioner has failed to "demonstrate that he would have pleaded guilty if he had been represented by competent counsel," as the petitioner has failed to allege any deficiencies with counsel in connection with the uncertainty arising from the potential for consecutive sentences. *See Ramsey*, 323 F. Supp. 2d at 42.

V. Conclusion

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court **ORDERS** as follows:

1. That **Magistrate Judge's Report and Recommendation (Crim. Doc. 126; Civ. Doc. 7)** is **ADOPTED IN PART**, to the extent of its findings and reasoning demonstrating that the petitioner failed to show prejudice rising to the level of ineffective assistance of counsel;

2. That the petitioner's **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Crim. Doc. 116; Civ. Doc. 1)** is **DENIED**; and

3. That this case be **DISMISSED WITH PREJUDICE and RETIRED** from the

active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the petitioner.

Dated: August 28, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE